UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANA MARIA SEPULVEDA,

                    Plaintiff,

         -vs-                          **No. 6:16-CV-00383 (MAT)**
                                       **DECISION AND ORDER**
NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

                    Defendant.

---

# I.  Introduction

Represented by counsel, plaintiff Ana Maria Sepulveda ("Plaintiff") brings this action pursuant to Title II of the Social Security Act (the "Act"), seeking review of the final decision of defendant the Acting Commissioner of Social Security (the "Commissioner" or "Defendant") denying her application for disability insurance benefits ("DIB"). The Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. For the reasons discussed below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## II. Procedural History

Plaintiff protectively filed an application for DIB on June 26 2012, alleging disability as of March 17, 2011 due to schizophrenia, delusional disorder, and depression. Administrative Transcript ("T.") 60. Plaintiff's application was initially denied. T. 69. At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") David S. Lewandowski on July 23, 2014. T. 36-59. On January 14, 2015, the ALJ issued an unfavorable decision. T. 17-35. The Appeals Council denied Plaintiff's request for review on March 17, 2016, rendering the ALJ's determination the final decision of the Commissioner. T. 1-6. This action followed.

## III. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520, 416.920. Initially, the ALJ determined that Plaintiff met the insured status requirements of the Act through December 31, 2015. T. 25.

At step one of the five-step sequential evaluation, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 17, 2011, the alleged onset date. *Id*. At step two, the ALJ found that Plaintiff suffered from the severe impairments of paranoid schizophrenia and delusional disorder, psychotic disorder not otherwise specified, and generalized anxiety disorder. *Id*.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any listed impairment. T. 26. The ALJ particularly considered Listings 12.03 and 12.06 in reaching this conclusion. T. 26-27.

Before proceeding to step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with the following additional nonexertional limitations: is able to understand, remember, and carry out simple instructions and perform simple tasks; can have little or no proximity to co-workers with occasional

interaction with co-workers and supervisors; can have no interaction with the general public. T. 27.

At step four, the ALJ found that Plaintiff was capable of performing her past relevant work as a factory worker. T. 31. In the alternative, at step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that exist in significant numbers in the national economy that Plaintiff could perform, including remnants cutter, garbage collector, and vehicle washer. T. 31-32. Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act. T. 32.

## IV. Discussion

### A. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence

means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (internal quotation omitted). Although the reviewing court must scrutinize the whole record and examine evidence that supports or detracts from both sides, *Tejada v. Apfel*, 167 F.3d 770, 774 (2d Cir. 1998) (citation omitted), "[i]f there is substantial evidence to support the [Commissioner's] determination, it must be upheld." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013). "The deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

Here, Plaintiff argues that the Commissioner's final determination should be reversed or, in the alternative, remanded for further administrative proceedings because (1) the ALJ failed to properly weigh the opinion of treating psychiatrist Dr. Wendy Weinstein, and (2) the ALJ failed to properly evaluate Plaintiff's credibility. For the reasons discussed below, the Court finds these arguments without merit.

**B. The ALJ Properly Considered Dr. Weinstein's Opinion**

Plaintiff's first argument is that the ALJ failed to properly apply the treating physician rule with respect to Dr. Weinstein's opinion. The treating physician rule, which was in effect at the time the ALJ issued his decision in this case, provides that a treating physician's opinion is generally entitled to "controlling weight" when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *see also Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). An ALJ may give less than controlling weight to a treating physician's opinion if it does not meet this standard, but must "comprehensively set forth [his or her] reasons for the weight assigned to a treating physician's opinion." *Halloran v. Barnhart*, 362 F.3d 28, 33 (2d Cir. 2004); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's

opinion."). The ALJ is required to consider "the length of the treatment relationship and the frequency of examination; the nature and extent of the treatment relationship; the relevant evidence, particularly medical signs and laboratory findings, supporting the opinion; the consistency of the opinion with the record as a whole; and whether the physician is a specialist in the area covering the particular medical issues" in determining how much weight to afford a treating physician's opinion. *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008) (quotation marks, alterations, and citations omitted); *see also* 20 C.F.R. §§ 404.1527(c)(1)-(6). However, the ALJ need not expressly discuss each of these factors, so long as his "reasoning and adherence to the regulation are clear." *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (citing *Halloran*, 362 F.3d at 31–32).

In this case, Dr. Weinstein, Plaintiff's treating psychiatrist, completed an Erie County Department of Social Services Psychological Assessment for Determination of Employability related to Plaintiff on January 15, 2014. T. 268-270. Dr. Weinstein indicated

that Plaintiff suffered from psychotic disorder not otherwise specified and generalized anxiety disorder. T. 268. She checked boxes indicating that Plaintiff was moderately limited in her abilities to understand and remember simple instructions, understand and remember complex instructions, maintain attention and concentration, interact appropriately with others, maintain socially appropriate behavior, maintain basic standards of personal hygiene and grooming, use public transportation, and perform simple, low stress tasks. T. 269. Dr. Weinstein additionally checked a box indicating that Plaintiff was currently not capable of participating in work activities. *Id.*

In his decision, the ALJ afforded "little weight" to Dr. Weinstein's opinion. T. 30. The ALJ explained that this opinion was "cast in vague, ambiguous and undefined language" and that it was not accompanied by any contemporaneous treatment notes. *Id.* The ALJ particularly noted that Dr. Weinstein's treatment notes from February 4, 2014 (the closest treatment date to the January 15, 2014 opinion) showed no positive clinical

signs and indicated that Plaintiff was doing well, with good energy and concentration  *Id.*

The Court finds that the ALJ's assessment of Dr. Weinstein's opinion is well-supported by the record. Dr. Weinstein's treatment notes do not support the limitations set forth in her January 4, 2014 opinion.  At an appointment on September 30, 2013 (the last before Dr. Weinstein authored her opinion), Plaintiff was pleasant and cooperative with a bright affect.  T. 263. Her thought process was goal-directed, her speech was clear and coherent, her insight and judgment were fair, and she was "cognitively within normal limits."  *Id.*  Her concentration was good and she was babysitting for her grandson.  *Id.*  Dr. Weinstein noted that Plaintiff's psychosis was "questionable."  *Id.*

Similarly, when Dr. Weinstein saw Plaintiff on February 3, 2014 (roughly two weeks after she authored her opinion), Plaintiff stated that she was "doing well," that her "mood [was] fine," and her "energy [was] good." T. 265. On mental status examination, Plaintiff was pleasant and cooperative with a bright affect. *Id.* Once again, her thought process was goal-directed, her speech

was clear and coherent, her insight and judgment were fair, and she was "cognitively within normal limits." *Id.* Dr. Weinstein noted that she had "no lethality or psychosis." *Id.*

In assessing the opinion of a treating physician, the ALJ is expressly required to consider whether it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). As such, it is permissible for an ALJ to afford less than controlling weight to an treating physician's opinion where "it was contrary to his own treatment notes." *Monroe v. Comm'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017); *see also Cichocki v. Astrue*, 534 F. App'x 71, 75 (2d Cir. 2013) ("Because [the treating physician's] medical source statement conflicted with his own treatment notes, the ALJ was not required to afford his opinion controlling weight.").

Plaintiff contends that Dr. Weinstein's opinion was not inconsistent with her treatment notes, because a treatment note from July 2014 states that she was

"severely psychotic." This argument is misplaced. The July 2014 treatment note does indicate that Plaintiff is "severely psychotic," but also notes that she is "cognitively within normal limits" and that she has no active psychosis. T. 271. Moreover, even if Dr. Weinstein's opinion was supported by a single treatment note, the fact that a "medical source statement is supported by *some* evidence" does not require the ALJ to afford it controlling weight where it is contradicted by other medical evidence. *Monroe*, 676 F. App'x at 5 (emphasis in original).

Plaintiff also argues that it was inconsistent for the ALJ to find that Dr. Weinstein's use of the phrase "moderately limited" was ambiguous, because he did not make a similarly finding regarding the opinion of consultative examiner Dr. Susan Santarpia. This argument ignores important differences between Dr. Weinstein's and Dr. Santarpia's opinions. While Dr. Santarpia did use the phrase "mild impairment," her opinion consisted of a narrative description of Plaintiff's abilities and limitations, unlike the checklist completed by Dr. Weinstein. *See* T. 228-31. Moreover, Dr. Santarpia's opinion was accompanied by a through contemporaneous

examination of Plaintiff and a detailed description of Plaintiff's impairments. *Id*. The "the mere use of phrases such as 'moderate' or 'mild' does not render a doctor's opinion vague or non-substantial for purposes of an ALJ's RFC determination." *Dutcher v. Colvin*, No. 1:12-CV-1662 GLS, 2014 WL 295776, at *5 (N.D.N.Y. Jan. 27, 2014). Instead, the determinative question is whether the conclusions were supported by examination results and the record as a whole. *Id*. Here, the ALJ reasonably concluded that Dr. Santarpia's opinion (which he afforded "some weight") met that standard, while Dr. Weinstein's did not.

Plaintiff's final argument regarding Dr. Weinstein's opinion is that the ALJ was required to recontact Dr. Weinstein for additional information. This argument lacks merit. An ALJ has no duty to re-contact a treating physician where consultative physicians assess a plaintiff's functional limitations and provide an opinion on them, *Grogg v. Commissioner of Social Security*, No. 5:11-CV-1381 (NAM/TWD), 2014 WL 1312325 *7–8 (N.D.N.Y. 2014), so long as the record is "extensive enough to support an informed residual functional capacity finding

by the ALJ." *Leonard v. Colvin*, No. 12-CV-526A(F), 2014 WL 1338813, *11 (W.D.N.Y. 2014). Here, Dr. Santarpia had examined Plaintiff and provided a function by function assessment of her limitation, and the record was extensive, including all of Dr. Weinstein's treatment notes. Accordingly, the ALJ was under no obligation to recontact Dr. Weinstein prior to making a determination.

For the foregoing reasons, the Court finds no violation of the treating physician rule in this case. Accordingly, the Court does not find that reversal or remand is warranted on this basis.

**C. The ALJ Appropriately Assessed Plaintiff's Credibility**

Plaintiff's second and final argument is that the ALJ erred in his assessment of her credibility. The Court has reviewed the ALJ's credibility assessment and, for the reasons discussed below, finds no reversible error.

In assessing a claimant's credibility, an ALJ is instructed to consider whether her subjective claims of pain are "consistent with the medical and other objective evidence." *Wells v. Colvin*, 87 F. Supp. 3d 421, 431

(W.D.N.Y. 2015). "The ALJ's decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight." *Cichocki*, 534 F. App'x at 76 (internal quotation omitted). An ALJ is entitled to great deference when making credibility findings and can only be reversed if those findings are patently unreasonable. *Andrisani v. Colvin*, No. 1:16-CV-00196 (MAT), 2017 WL 2274239, at *3 (W.D.N.Y. May 24, 2017). "Because the ALJ has the benefit of directly observing a claimant's demeanor and other indicia of credibility, his decision to discredit subjective testimony is entitled to deference and may not be disturbed on review if his disability determination is supported by substantial evidence." *Hargrave v. Colvin*, No. 13-CV-6308(MAT), 2014 WL 3572427, at *5 (W.D.N.Y. July 21, 2014) (internal quotation omitted).

In this case, the ALJ concluded that Plaintiff was less than fully credible, because (1) her reported activities of daily living were inconsistent with her

subjective complaints, and (2) her treatment record showed that her condition had improved over time. The Court finds that the ALJ's conclusions are well-supported by the record.

First, with respect to Plaintiff's activities of daily living, "[a]n ALJ is entitled to take a plaintiff's activities of daily living into account in making a credibility determination." *Pennock v. Comm'r of Soc. Sec.*, 7:14-CV-1524 (GTS/WBC), 2016 WL 1128126, at *5 (N.D.N.Y. Feb. 23, 2016), *report and recommendation adopted*, 2016 WL 1122065 (N.D.N.Y. Mar. 22, 2016). "The issue is not whether [Plaintiff's] limited ability to undertake normal daily activities demonstrates [his] ability to work. Rather, the issue is whether the ALJ properly discounted [Plaintiff's] testimony regarding [his] symptoms to the extent that it is inconsistent with other evidence." *Morris v. Comm'r of Soc. Sec.*, 5:12-cv-1795 (MAD/CFH), 2014 WL 1451996, at *8 (N.D.N.Y. Apr. 14, 2014). In this case, as the ALJ correctly observed, the record demonstrated that although Plaintiff was fearful when she left her residence, she was able to use public transportation, go shopping, and ride a

bicycle in the summer. T. 28. Plaintiff was able to socialize with her son and daughter, and when asked why she didn't go to visit with family and friends, indicated it was because they lived far away. T 47-48. Plaintiff was also able to care for her grandchildren for five to six hours per day, five days per week after her alleged onset date. T. 41-42. Contrary to Plaintiff's arguments, the ALJ's consideration of the consistency of Plaintiff's subjective complaints with her reported activities of daily living does not equate to requiring Plaintiff to be an invalid. It was proper under the Commissioner's regulations for the ALJ to consider Plaintiff's activities of daily living in assessing her credibility. *See* 20 C.F.R. §§ 404.1529(c)(3)(I), 416.929(c)(3)(I).

The ALJ also correctly found that Plaintiff's treatment records were inconsistent with her subjective complaints. As discussed above, Dr. Weinstein's treatment notes indicate significant improvement in Plaintiff's symptoms over time, with no active psychosis as of July 2014. *See* T. 271 (Plaintiff had "no lethality or psychosis" and was "[c]ognitively within normal limits"). Inconsistencies between a claimant's "reported

symptoms and the objective medical evidence" constitute substantial evidence in support of any adverse credibility finding. *Rock v. Colvin*, 628 F. App'x 1, 3 (2d Cir. 2015).

Plaintiff argues that the ALJ failed to specifically address a written statement submitted by Plaintiff's daughter Yamilette Sepulveda ("Yamilette") and this was reversible error. However, this Court has previously held that a failure to discuss the statement of a lay witness "does not warrant remand" where, "to the extent [statement] could be interpreted as supporting claimant's position,[it was] inconsistent with the medical evidence in the record." *Judelsohn v. Astrue*, No. 11-CV-388S, 2012 WL 2401587, at *9 (W.D.N.Y. June 25, 2012); *see also Burden v. Astrue*, 588 F. Supp. 2d 269, 278 (D. Conn. 2008) ("an ALJ must make a credibility finding of lay witness testimony only when that testimony is critical to the adjudication of an application").

In this case, Yamilette's statement was essentially the same as Plaintiff's testimony. Yamilette stated that her mother frequently believed that people were "after her" and "trying to kill her" and that she had difficulty

leaving her house as a result of her fear.  T. 217-218.
Where the corroborating testimony of a family member is
"essentially the same as the plaintiff's, which the ALJ
did discuss in depth, it is reasonable to infer that the
ALJ throughly reviewed the testimony and discounted it."
*Daniel v. Astrue*, No. 3:09-CV-563 RNC, 2011 WL 3962488,
at *1 (D. Conn. Mar. 31, 2011).  Here, the ALJ expressly
considered Plaintiff's testimony and explained his
reasoning for finding it less than fully credible.  It is
"not the law in this Circuit" that "an ALJ [is] required
to state explicitly that he is rejecting corroborating
testimony of a claimant's family members and give reasons
why."  *Id*.

For the foregoing reasons, the Court does not find
that the ALJ committed reversible error in assessing
Plaintiff's credibility.  Accordingly, the Court finds
that the Commissioner's final determination must be
upheld and that remand of this matter is not warranted.

V. **Conclusion**

For the foregoing reasons, Plaintiff's motion for
judgment on the pleadings (Docket No. 14) is denied.  The
Commissioner's motion for judgment on the pleadings

(Docket No. 17) is granted. The Clerk of the Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:     May 25, 2018
           Rochester, New York.